United States District Court
Southern District of Texas
**ENTERED**
March 10, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SABRINA A THOMPSON, *et al.*, § § Plaintiffs, § vs. § CONTINENTAL / UNITED AIRLINES, *et al.*, § § Defendants. § | CIVIL ACTION NO. 4:14-cv-02087 |

## MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Pending before the Court is the defendant, United Airlines, Inc., motion to dismiss the plaintiff's, Jeannie A. Salazar ("Plaintiff Salazar"), discrimination and retaliation claims for failure to exhaust her administrative remedies. (Dkt. No. 12). The plaintiff has filed a response in opposition to the defendant's motion (Dkt. No. 17) and the defendant has filed a reply (Dkt. No. 18). After having carefully considered the motion, response, reply and the applicable law, the Court determines that the defendant's motion to dismiss should be **GRANTED**.

**II.   FACTUAL BACKGROUND**

On or about September 11, 2013, Plaintiff Salazar, along with Plaintiff Sabrina A. Thompson ("Plaintiff Thompson") (collectively, "the plaintiffs"), both African-American females, proceeding *pro se*, filed a civil action against United Airlines, Inc., United Continental Holdings, Inc., Leanne Benson, United General Manager, and Candice Wareing, Airport Operations Supervisor, alleging claims for breach of contract, race-based discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et. seq.*, and libel. It is undisputed that this action was filed within ninety days of the plaintiffs' receipt of

their right-to-sue letters from the Equal Employment Opportunity Commission ("EEOC").[1] On May 28, 2014, Judge Keith Ellison, by minute entry, granted several motions to dismiss filed by the defendants on various grounds, dismissing the plaintiffs' lawsuit without prejudice.

On July 22, 2014, the plaintiffs, by way of counsel, commenced the instant action against the defendant, Continental/United Airlines, alleging numerous claims against it, including claims of race and sex-based discrimination and retaliation in violation of Title VII and various other state law claims. On August 6, 2014, the plaintiffs filed their First Amended Complaint and Jury Demand naming United Continental Holdings, Inc. ("UHC"), as the sole defendant, and alleging claims of race and sex-based discrimination and retaliation in violation of Title VII as well as claims for breach of contract, intentional infliction of emotional distress, libel, slander, negligent hiring, supervision, training and retention and exemplary damages. On December 11, 2014, the plaintiffs' filed their Second Amended Complaint and Jury Demand alleging the same claims.

On or about August 5, 2014, Plaintiff Thompson filed a second Charge of Discrimination with the EEOC alleging retaliation against the defendant premised on her previously-filed EEOC charge alleging racial discrimination. (Dkt. No. 11, Ex. A.). The EEOC issued its Dismissal and Notice of Rights letter to her on February 13, 2015. (*Id.*, Ex. B.). Plaintiff Salazar filed no new Charge of Discrimination with the EEOC.

On April 6, 2015, UHC moved to dismiss the plaintiffs' claims against it alleging that this Court lacks jurisdiction over it because it merely serves as a holding company with no employees and no contacts with Texas. On April 28, 2015, this Court granted UHC's motion to

---

[1] On or about April 18, 2012, Plaintiff Thompson filed her Charge of Discrimination with the EEOC. The EEOC issued its Dismissal and Notice of Rights letter to her on or about June 14, 2013, and she received it on or about June 17, 2013. (*See* Case No. 4:13-cv-02664, Dkt. No. 1 at 9:26 – 10:3, *see also* Ex. H). Plaintiff Salazar filed her Charge of Discrimination with the EEOC on May 29, 2012, and received a Dismissal and Notice of Rights letter from the EEOC on or after June 12, 2013. (*See* Dkt. No. 12, Exs. A & B.).

dismiss.  (*See* Dkt. No. 9).  It also granted the plaintiffs additional time, until May 13, 2015, to effect proper service on the appropriate defendant.  *Id.*

On May 12, 2015, the plaintiffs filed their Third Amended Complaint and Jury Demand against United Airlines, Inc. (the "defendant"), asserting claims for breach of contract, race-based discrimination, employment discrimination and retaliation in violation of Title VII, intentional infliction of emotional distress, libel, slander, negligent hiring, supervision, training and retention and exemplary damages.  The defendant now moves to dismiss Plaintiff Salazar's race-based discrimination and retaliation claims as time-barred.

### III.    ANALYSIS AND DISCUSSION

As a threshold matter, a civil action brought pursuant to Title VII must be commenced within ninety days after receipt of the right-to-sue letter issued by the EEOC.  *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (citing 42 U.S.C. § 2000e-5(f); *Price v. Digital Equip Corp.*, 846 F.2d 1026, 1027 (5th Cir. 1988)).  The Fifth Circuit has held that "the 90–day period of limitation established by 42 U.S.C. § 2000e–5(f)(1) begins to run on the date that the EEOC right-to-sue letter is delivered to the offices of formally designated counsel or to the claimant."  *Ringgold v. Nat'l Maint. Corp.,* 796 F.2d 769, 770 (5th Cir. 1986) (internal citations omitted).  "The ninety-day filing requirement is a statutory precondition to maintaining a cause of action in federal court . . . and is treated as a statute of limitations for all purposes."  *Mitchell v. Champs Sports*, 42 F. Supp.2d 642, 646 (E.D. Tex. 1998) (citing *Espinoza v. Missouri Pac. R.R.*, 754 F.2d 1247, 1248 n.1 (5th Cir. 1985) (internal citations omitted)).  As such, '[c]ourts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired."  *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).

Plaintiff Salazar filed her Charge of Discrimination with the EEOC on May 29, 2012, and received a Dismissal and Notice of Rights letter from the EEOC on or after June 12, 2013.[2]  (*See* Dkt. No. 12, Exs. A & B.).  Accordingly, she had until September 19, 2013, to timely file her Title VII claims.  As previously mentioned, however, Plaintiff Salazar did not file her complaint in this case until July 22, 2014—more than 400 days after the EEOC issued its Dismissal and Notice of Rights letter to her.  As a consequence, the defendant contends that this Court should dismiss Plaintiff Salazar's disparate impact race discrimination and retaliation claims as time-barred because such claims were filed outside of the 90-day limitations period applicable to Title VII claims, which must be strictly construed.  The defendant also argues that Plaintiff Salazar's Title VII claims in this case are not revived by the relation back doctrine and do not "relate back" to the date of her original pleading filed in her first lawsuit under Fed. R. Civ. P. 15(c).

In her response filed in opposition to the defendant's motion to dismiss, Plaintiff Salazar asserts that the ninety-day statutory period should be equitably tolled in this case because she was diligent in pursuing her rights after her first lawsuit was involuntarily dismissed by immediately retaining counsel and filing the instant lawsuit within less than a two-month period.  She further asserts that the defendant will not suffer any prejudice should this Court determine equitable tolling to be appropriate under the circumstances.  The defendant, in its reply, argues that circumstances warranting equitable tolling are not present in this case and that the cases cited by the plaintiffs in support of their position are inapposite.  The defendant further maintains that Plaintiff Salazar's Title VII claims should be dismissed.  This Court agrees.

Although the ninety-day filing period established by 42 U.S.C. § 2000e-5(f)(1) is subject to equitable tolling, equitable tolling is applied only in the most "rare and exceptional cases."

---

[2] "When the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed." *Taylor*, 296 F.3d at 379 (internal citations omitted).

*Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010) (internal citations omitted).  The Fifth Circuit has delineated three nonexclusive circumstances under which equitable tolling may be deemed appropriate: "(1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights." *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (citing *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995)).  The burden of proving justification for equitable tolling rests with the plaintiff.  *Id.*  Nevertheless, the decision as to whether a statute of limitations should be equitably tolled is within the district court's discretion.  *See Granger,* 636 F.3d at 712 (citing *Fisher v. Johnson,* 174 F.3d 710, 713 & n. 9 (5th Cir. 1999)).

In this case, Plaintiff Salazar received her Dismissal and Notice of Rights letter from the EEOC on or after June 12, 2013.  She filed the instant lawsuit against the defendant on July 22, 2014--well after the applicable 90-day period had long expired.  The mere fact that she timely filed a previous lawsuit which was subsequently dismissed without prejudice does not act to equitably toll the limitations period for purposes of the instant lawsuit.  S*ee Price*, 846 F.2d at 1027 (citing *Taylor v. Bunge Corp.*, 775 F.2d 617, 618 (5th Cir. 1985)) (reasoning that a timely-filed Title VII suit dismissed without prejudice for want of prosecution does not act to toll the 90-day limitations period for a subsequent Title VII claim); *see also Carter v. Tex. Dep't of Health*, No. 04-50315, 2004 WL 2722738, *2 (5th Cir. Nov. 22, 2004) (per curiam) (affirming district court's dismissal of plaintiff's second lawsuit as time-barred and not subject to equitable tolling and/or the relation back doctrine where plaintiff's subsequent suit on the same facts was filed more than 90 days after the plaintiff had received his right-to-sue letter).  Accordingly, a

dismissal of Plaintiff Salazar's race discrimination and retaliation claims is warranted; the defendant's motion to dismiss is hereby **GRANTED**.

It is so ORDERED.

SIGNED on this 10th day of March, 2016.

                                            Kenneth M. Hoyt
                                            United States District Judge